UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL ALLEN, ET AL., : | |
|     Plaintiffs, : | |
| : | CIVIL ACTION NO. |
| v. : | 3-09-cv-0497 (JCH) |
| : | |
| GENERAL ELECTRIC CO. AND : | |
| BUFFALO PUMPS, INC. : | |
| : | |
| : | |
|     Defendants. : | AUGUST 27, 2008 |

**RULING RE: PLAINTIFF'S MOTION TO REMAND TO STATE COURT (Doc. No. 12)**

**I.    INTRODUCTION**

On March 3, 2009, Samuel Allen and eleven other plaintiffs filed a personal injury action in the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport. On March 27, defendant Buffalo Pumps, Inc., removed this case to federal court. See Not. of Removal (Doc. No. 1). On March 30, defendant General Electric Company ("GE") joined in the petition for removal. See Joinder in Removal Pet. (Doc. No. 11). The defendants removed pursuant to the federal officer statute, which permits removal of state actions brought against an officer or agency of the United States, or a person working under a federal officer. 28 U.S.C. § 1442(a)(1). Plaintiffs now move to remand to state court, arguing that this court does not have subject matter jurisdiction. See Mot. to Remand (Doc. No. 12). For the reasons stated below, the court denies plaintiffs' Motion for Remand.

1

## II.     FACTS

Plaintiffs are twelve men[1] who were employed by General Dynamics Corporation, Electric Boat Division, in Groton, Connecticut for various periods between 1956 and the present.  All worked in areas where they were exposed to asbestos and now suffer from asbestos-related diseases such as lung cancer, lung disease, asbestosis, and loss of lung function.  See Pl.'s Mem. in Supp. of Mot. to Remand ("Pl.'s Mem.") at 1-4 (Doc. No. 12).  Plaintiffs allege that their exposure to asbestos came at least in part from products the defendants manufactured for the Navy.  See Compl., Ex. 1 to Not. of Removal.

Buffalo Pumps manufactured and supplied pumps for Navy ships pursuant to contracts which included specifications for the use of asbestos.  See Not. of Removal at ¶¶ 5, 8.  GE manufactured marine steam turbines for use on Navy ships and submarines pursuant to detailed specifications and contracts, which included directions for the use of asbestos.  See Joinder in Removal Pet. ("Joinder") at ¶¶ 6-8.  In support of their Petition for Removal, Buffalo Pumps has provided affidavits from retired Rear Admiral Roger B. Horne and Martin A. Kraft, Buffalo Pumps' Production Manager, and an article by Samuel A. Forman, a specialist in preventative and occupational medicine, former Navy doctor, and expert in asbestos-related diseases.  GE provided several affidavits from David Hobson, a former engineer in the Coast Guard who served as the Manager of Navy Customer Service for GE's Navy and Small Steam Turbine

---

[1] Samuel Allen, Robert Benjamin, Charles Spralling, Gary Chapman, Michael Gladue, Ralph Godfrey, William Holland, Kenneth Jones, Billings Miner, William Molonson, Alan Patridge, and Charles Sprague.

Department. GE also provided an affidavit from Lawrence Stillwell Betts, a retired Navy Captain and current president of a medical corporation that specializes in preventive medicine, and one from retired Rear Admiral Ben J. Lehman. Plaintiffs provided the court with an affidavit from Robert Bruce Woodruff, a retired Navy Captain who served as a vice president and Division General Manager for a company manufacturing steam turbines following his retirement from the Navy.

### III. DISCUSSION

This case is nearly identical to a number of other cases recently removed to this district. In fact, many of those cases involved either Buffalo Pumps, or GE, or both, as defendants. Buffalo Pumps and GE provided the court with the same supporting documents that they presented in the previous cases. See, e.g., Pantalone v. Aurora Pump Co., et al., 576 F. Supp. 2d 325 (D.Conn. 2008) (Arterton, J.) (finding federal officer removal appropriate but denying removal as untimely filed); DeMatties v. Acmat Corp., 2008 U.S. Dist. LEXIS 86717 (D. Conn. 2008) (Eginton, J.) (finding federal officer removal appropriate); Carroll v. Buffalo Pumps, 2008 U.S. Dist. LEXIS 86715 (D. Conn. 2008) (Eginton, J.) (same); Machnik v. Buffalo Pumps, 506 F. Supp. 2d 99 (D. Conn. 2007) (Droney, J.) (same); Contois v. Able Industries, Inc., 523 F. Supp. 2d. 155 (D. Conn. 2007) (Thompson, J.) (same). In all of these cases, the court found that federal officer removal was appropriate. The plaintiffs have failed to distinguish these cases.[2]

---

[2] Plaintiffs argue that it is significant that the plaintiffs in this case were civilians, not employees of the U.S. Navy. See Pl.'s Mem. at 5. However, it is the defendants' status as government contractors which is relevant for federal officer removal; plaintiffs' status is immaterial.

3

The federal officer removal statute permits removal of cases brought against "[t]he United States or any agency thereof or officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official capacity for any act under color of such office. . . ." 28 U.S.C. § 1442(a)(1).  This is a statutory exception to the well-pleaded complaint rule that a federal defense alone does not qualify a case for removal to federal court.  See Louisville-Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908).

Because Buffalo Pumps and General Electric are not federal officers, in order to remove this case they must demonstrate: (1) that they are persons within the meaning of the statute who acted under a federal officer; (2) that they performed the actions for which they are being sued under color of federal office; and (3) that they have a colorable federal defense.  See Isaacson v. Dow Chemical Co., 517 F3d. 129, 135 (2d Cir. 2008) (citing Jefferson County v. Acker, 527 U.S. 423, 431 (1991)).  Although the burden of showing that federal jurisdiction exists lies with the party seeking removal, the Supreme Court has held that federal officer removal should not be constrained by a "narrow, grudging interpretation."  See Jefferson County, 527 U.S. at 431.  The defendant need not "virtually win his case before he can have it removed," because the purpose of section 1442(a)(1) is to have the federal defense tried and determined in federal court.  See id.  In determining whether jurisdiction is proper, the court should "look only to the jurisdictional facts alleged in the Notice[] of Removal."  See In re Methyl Tertiary Butyl Ether Prods. Liabl. Litig., 488 F.3d 112, 124 (2d Cir. 2007).

### A. "Persons" "Acting Under" a Federal Officer

Buffalo Pumps and GE are "persons" within the meaning of the federal removal statute, which includes corporate persons. See Isaacson 517 F.3d at 136. However, defendants must also show that they were "acting under" a federal officer: "an entity 'acts under' a federal officer when it 'assists, or helps carry out, the duties or tasks of the federal superior.'" See Isaacson, 517 F.3d at 137 (quoting Watson v. Philip Morris Cos., 551 U.S. 142, 152 (2007)). Just as the defendants in Isaacson "contracted with the Government to provide a product that the Government was using during war – a product that, in the absence of defendants, the Government would have had to produce itself," so did Buffalo Pumps and GE provide pumps and marine steam turbines, respectively, to the U.S. Navy pursuant to specific contracts. See Isaacson, 517 F.3d at 137; Not. of Removal at ¶ 4; Joinder at ¶ 6. Buffalo Pumps and GE had "received delegated authority" to complete their contracts and were therefore helping carry out the duties of their federal superior. See Isaacson, 517 F.3d at 137. Buffalo Pumps and GE thus fulfill the "acting under" requirement for federal officer removal.

### B. "Under Color of" Federal Office

The second requirement for federal officer removal is that the defendant performed the actions for which they are being sued "under color of" federal office. This is known as the causation requirement. See Isaacson, 517 F.3d at 137. The plaintiffs argue that Buffalo Pumps and GE must provide "credible, specific, or candid evidence" that the Navy prohibited them from including warnings about asbestos in their products in order to fulfill this prong. See Pl.'s Mem. at 28. This is too high a bar for this requirement, which only calls for a general connection between the action sued

upon and the governmental function defendants were fulfilling. The Second Circuit recently stated that the bar for this requirement is "quite low." See Isaacson, 517 F.3d at 137. "To show causation, defendants must only establish that the act that is the subject of plaintiffs' attack . . . occurred while defendants were performing their official duties." Id. at 137-38 (internal citations omitted). Courts should "credit defendants' theory of the case when determining whether a causal connection exists." Id. at 137.

The actions sued upon in this case are plaintiffs' personal injuries, which they claim are a result of asbestos exposure while working in a shipyard. See Compl., Ex. 1 to Not. of Removal. Defendants argue that the Navy exercised complete control over all aspects of their production of asbestos-containing components, including written materials and warnings.[3] See Def. Buffalo Pumps' Opp. to Pl.'s Mot. for Remand ("Buffalo's Opp.") at 5-10. In Isaacson, the Second Circuit found that defendants had fulfilled the causation requirement because they were carrying out detailed contracts with the government for the manufacture of Agent Orange. See id. Because Buffalo Pumps and GE are in a similar position, they have demonstrated a causal link between the action on which plaintiffs sued and their official duties.

### C. Colorable Federal Defense

Finally, defendants must raise a colorable federal defense. Buffalo Pumps and GE raise the government contractor defense, as set forth in Boyle v. United Techs.

---

[3] As noted above, plaintiffs argue that defendants must provide "credible, specific or candid evidence that they were required or directed by the Navy to omit warnings from their products" in order to satisfy this requirement. See Pl.'s Mem. at 28. Even if the plaintiffs' high burden were the law, Buffalo Pumps and GE have met it – because they have provided affidavits stating that the Navy would have rejected any products onto which they added their own warnings. See Affidavit of Roger B. Horne, Jr., Ex. 2 to Not. of Removal ("Horne Aff."), at ¶ 22; Affidavit of David Hobson, Jan. 28, 2008 ("Hobson Jan. 2008 Aff."), Ex. 6 to Def. GE's Mem. in Opp. of Pl's Mot. to Remand ("GE's Opp."), at ¶ 21.

Corp., 487 U.S. 500, 512 (1987), and modified to fit a failure-to-warn case[4] in In re Joint E. and S.D.N.Y. Asbestos Litig. ("Grispo"), 897 F.2d 626, 630 (2d. Cir. 1990). Buffalo Pumps and GE must show: (1) "government control over the nature of product warnings"; (2) "compliance with the Government's directions"; and (3) "communication to the Government of all product dangers known to it but not to the Government." See Densberger v. United Techs. Corp., 297 F.3d 66, 75 (2d Cir. 2002) (quoting Grispo, 897 F.2d at 630 n.4). It is important to note that to earn federal officer removal, the federal defense need only be colorable – not "clearly sustainable" or one that "will ultimately prevail." See Willingham v. Morgan, 395 U.S. 402, 407 (1969); Isaacson 517 F.3d at 139. Additionally, it is enough here to rely on defendants' assertions. See Isaacson 517 F.3d at 139. "One of the most important reasons for [federal officer] removal is to have the validity of the defense . . . tried in a federal court." See Willingham, 395 U.S. at 407. Through their notices for removal and supporting affidavits, Buffalo Pumps and GE have met the three elements of the government contractor defense.

        1.      Government Control Over the Nature of Product Warnings

The Navy tightly controlled the nature of warnings that government contractors could place on the products they created. According to Rear Admiral Horne, "the Navy . . . had detailed specifications that governed the form and content of written materials to be delivered with equipment . . . supplied to the Navy." See Horne Aff. at ¶ 12. David Hobson supports this: "The Navy exercised intense direction and control over all written documentation and any safety or caution information that the Navy, in its sole

---

[4] For the purposes of their Motion to Remand, the plaintiffs have focused solely on their failure-to-warn claims. See Pl.'s Mem. at 10 n.5.

7

discretion, directed be provided with these turbines." See Affidavit of David Hobson, Feb.4, 2005, Ex. 5 to GE's Opp., at ¶ 2.

    2.  Compliance with the Government's Directions

As for the second element, defendants argue that they did not provide warnings because they were complying with the Navy's requirements. "A manufacturer such as Buffalo Pumps would not have been permitted to include a warning regarding asbestos in an equipment manual or on a product label." See Horne Aff. at ¶ 14. "Unless expressly directed to do so by the Navy, GE was not permitted, under the specifications, associated regulations and procedures, and the actual practice as it existed in the field, to affix any type of warning to a Navy turbine. . . . To affix such extraneous matter . . . would take the turbine out of compliance." See Hobson Jan. 2008 Aff. at ¶ 21. These statements demonstrate that defendants were acting in compliance with the Navy's directions.

Plaintiffs argue that defendants must "establish with affirmative evidence that, in fact, the federal agency would have or did prohibit them from affixing warnings to their products." See Pl.'s Mem. at 21. Plaintiffs provide evidence rebutting defendants' claims of compliance in the form of an affidavit from Captain Robert Bruce Woodruff, who argues that it is "more likely than not [that] such a warning label would definitely have been considered." See Affidavit of Robert Bruce Woodruff, Ex. 3 to Pl.'s Mem., at 14. This dispute goes beyond the issues to be resolved in a motion for remand and into the issues to be resolved at trial. While Buffalo Pumps and GE may need to prove with "affirmative evidence" that the Navy prohibited them from adding warnings to their products in order to avoid liability, the defendant need not "virtually win his case before

8

he can have it removed." See Jefferson County, 527 U.S. at 431.

### 3. Communication of All Dangers Known to Defendants but not to the Government

Finally, both Buffalo Pumps and GE state that the Navy was well aware of the dangers that asbestos posed, and was the leading expert in the field of asbestos hazard control.[5]  There were no dangers known to the defendants that were not also known to the Navy.  See Affidavit of Lawrence Stillwell Betts, Ex. 7 to GE's Opp. at ¶¶ 27-28, 30; see also Samuel A. Forman, U.S. Navy Shipyard Occupational Medicine through World War II, 30 J. OCCUP. MED. 28 (1988), Ex. 4 to Not. of Removal.  Therefore, Buffalo Pumps and GE met all three elements and have demonstrated that they have a colorable government contractor defense.

Buffalo Pumps and GE have satisfied the test for federal officer removal by "persons" not themselves federal officers: they demonstrated that they were acting under a federal officer, that there was a causal connection between the action sued upon and their official duties, and that they have a colorable federal defense.  Because Buffalo Pumps and GE have satisfied the Isaacson test, the court denies plaintiffs' motion for remand.

---

[5] Plaintiffs argue that the Navy's leadership in occupational medicine and its health monitoring programs are irrelevant because they were civilian employees of a civilian employer.  See Pl.'s Mem. at 5-6.  However, defendants do not need to demonstrate that the Navy had "exclusive control and regulatory authority over the health and safety of these plaintiffs," as plaintiffs argue.  Id. at 6.  The government contractor defense only requires the defendant to demonstrate that they communicated "all product dangers known to [them] but not to the [Navy]."  See Densberger, 297 F.3d at 75.  The Navy's leadership in the field of occupational medicine is relevant to what it knew about asbestos, and it is undisputed that the Navy was well aware of the potential health hazards of using asbestos.  Therefore, this argument fails.

## IV. CONCLUSION

Plaintiffs' Motion for Remand is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 27th day of August, 2009.


      /s/ Janet C. Hall
Janet C.  Hall
United States District Judge